## Bassetti v. Talarico et ux.

*S. Halbert*, for plaintiff.

*A. A. Guarino*, for defendants.

FLOOD, J., July 12, 1955.—This is a complaint in assumpsit seeking the return of down money paid in connection with the purchase of real estate. The agreement provided:

"This Agreement of Sale is contingent upon the purchaser procuring a mortgage loan for $8,400.00 for fifteen years (at) 5%."

The averments are that the purchaser obtained a commitment for the mortgage from a building and loan association in the office of William Reinhardt, on July 11, 1951, but died suddenly on July 22, 1951, and his counsel was thereafter informed that the commitment was a personal obligation and neither the estate of the purchaser nor his heir at law would be acceptable to the building and loan association. The commitment was cancelled on October 9, 1951. It is further averred that the date set for settlement was October 11, 1951, and that the procurement and consummation of the mortgage loan was a personal obligation to be performed only by the purchaser and was so understood by defendants. It is further alleged that notwithstanding the impossibility of performance of the said written agreement because of the death of the purchaser, defendants have refused to return the deposit money and have forfeited it.

The agreement provided that it should extend to and be binding upon the heirs, executors, administra-

tors and assigns of the parties thereto. As we previously indicated in our opinion sustaining defendants' objections to plaintiff's complaint in equity, the obligation to purchase was binding upon decedent's successor. Since the language of the agreement is not ambiguous and its meaning is clear, we would be bound at the trial to exclude evidence that the purchaser's obligations under this agreement were personal and were not to be binding in the event of his death. The complaint does not allege that the stipulated mortgage could not be obtained. It merely alleges that one lender upon the purchaser's death deemed the estate and the heirs unacceptable. However, paragraph 14 of the complaint may have been intended to state that the stipulated mortgage could not be obtained by the purchaser or by his successor in interest under the agreement. It does not so state, however, although plaintiff's brief indicates that this was the meaning intended. Plaintiff should be allowed to amend the complaint to clearly allege this basis for recovery.

As to the argument that the condition was met, we disagree with defendants. It seems to us that the condition that the purchaser procure a loan is not met if a commitment is obtained but, without fault of the purchaser, is withdrawn before date for settlement. Certainly it could not be said that the condition had been met if a commitment were made on one day and the proposed lender on the next day withdrew his commitment because he had made a mistake as to the financial condition of the purchaser. That is, in effect, what happened here except the reason was the death of the purchaser and the fact that his heir or administratrix assumed his place.

Defendants' preliminary objections numbered 1, 2 and 3 are sustained with leave to plaintiff to file an amended complaint within 20 days. The remaining objections are overruled.